Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Louise Jillian Paris, SBN 347801
**OMNI LEGAL GROUP**
2029 Century Park E, Suite 438
Los Angeles, California 90067
Phone:       310.276.6664
Facsimile:   310.305.1550
omid@omnilg.com
ariana@omnilg.com
jillian@omnilg.com

Attorneys for Plaintiff
YAGOUBZADEH LAW FIRM LLP

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAGOUBZADEH LAW FIRM LLP, a California Limited Liability Partnership; <br><br> Plaintiff, <br><br> vs. <br><br> ULISES PIZANO-DIAZ, an individual; <br><br> Defendant. | Case No.: 2:23-cv-08299 <br><br> **PLAINTIFFS' COMPLAINT FOR:** <br> **1. TRADEMARK INFRINGEMENT** <br> **2. UNFAIR COMPETITION** <br><br> **JURY TRIAL DEMAND** |

Plaintiff Yagoubzadeh Law Firm LLP ("Yagoubzadeh LLP"), by its undersigned attorneys, files this Complaint against Defendant Ulises Pizano-Diaz ("Pizano-Diaz"), for trademark infringement and unfair competition. In support thereof, Yagoubzadeh LLP states and alleges as follows:

# INTRODUCTION

1. Plaintiff brings this lawsuit to protect the substantial goodwill it has developed over the past decade in its distinctive 1-800-LUCHADOR word mark. Plaintiff's federally-registered trademark has gained a reputation in connection with the legal services offered by Plaintiff.

2. The goodwill and reputation that Plaintiff has worked to cultivate is being threatened by Defendant's actions. Defendant has filed an application for the marks ABOGADO LUCHADOR, LUCHADOR LAWYER, and LL LUCHADOR LAW, which are confusingly similar to Plaintiff's mark. Unless Defendant is enjoined from using said marks, such use will continue to cause consumer confusion and will cause irreparable harm to Plaintiff.

3. This action seeks injunctive relief, damages, and other appropriate relief arising from Defendant's willful acts of trademark infringement and unfair competition.

# JURISDICTION AND VENUE

4. This is an action for infringement of a federally-registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) and for unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). This action also includes claims under California law for unfair competition.

5. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendant. Defendant's acts of infringement of Plaintiff's registered mark were committed within the jurisdiction of this Court. Defendant has advertised its services under the infringing mark in this state and has transacted business by offering its services within this state. Defendant has engaged in substantial activity within California and this judicial district and has had substantial contacts there, having purposefully availed itself of the privilege of conducting activities in the forum. Defendant has caused injury to Plaintiff within California and within this judicial district.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant transacts business in this district and a substantial part of the events giving rise to the Plaintiff's claims occurred and are continuing to occur in this district.

## PARTIES

9. Plaintiff Yagoubzadeh Law Firm LLP, is a Limited Liability Partnership, duly organized and existing under the laws of the State of California, having an office and place of business at 275 S. Robertson Blvd., Beverly Hills, California, 90211.

10. Upon information and belief, Defendant Ulises Pizano-Diaz is an individual, residing at 4800 Finlandia Way, Carmichael, California, 95608.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

11. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-10 inclusive, as though fully set forth.

12. As its first ground for relief, Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. 1114(1).

13. Plaintiff has continuously used and promoted its 1-800-LUCHADOR mark (the "Mark") in interstate commerce in connection with legal services for at least ten (10) years.

14. Plaintiff is the owner of a federal trademark registration, Reg. No. 6920485, which issued on December 13, 2022, on the principal register of the United States Patent and Trademark Office (USPTO). This registration for the 1-800-LUCHADOR mark covers legal services under International Class 45. A true copy of this registration is attached as **EXHIBIT A**. The right to use this trademark has become incontestable under the provisions of 15 U.S.C. § 1065. The registration is valid and subsisting.

15. Plaintiff has invested substantial time, effort, and financial resources promoting its 1-800-LUCHADOR mark in connection with the marketing and offering of its services in interstate commerce. The 1-800-LUCHADOR mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality legal services, and its goodwill. The consuming public recognized the 1-800-LUCHADOR trademark and associates it with Plaintiff.

16. Notwithstanding Plaintiff's established rights in the 1-800-LUCHADOR mark, upon information and belief, Defendant has filed trademark applications with the USPTO for several marks, including ABOGADO LUCHADOR (Serial No. # 97545146), LUCHADOR LAWYER (Serial No. #97545175), and LL LUCHADOR LAW (Serial No. #97898575). *See* **EXHIBIT B**.

17. Defendant has used said marks in relation to legal services. It has advertised such services under the infringing trademarks on at least https://luchadorlaw.com/es/. *See* **EXHIBIT C.**

18. The use of the marks ABOGADO LUCHADOR, LUCHADOR LAWYER, and LL LUCHADOR LAW is likely to cause confusion, mistake, and

deception among consumers, as it is substantially similar to Plaintiff's established trademark. This similarity is evident through the shared element of "LUCHADOR" and the incorporation of a numerical component in both marks.

19. Indeed, the USPTO has cited Plaintiff's mark in office actions regarding the applications for the aforementioned marks. Plaintiff's 1-800-LUCHADOR mark was cited as a basis for a refusal due to the likelihood of confusion between the marks. *See* **EXHIBIT D**.

20. Without Plaintiff's consent, Defendant has used and continues to use the infringing mark and Defendant has engaged in its infringing activity despite having constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072.

21. On June 16, 2023, Plaintiff sent Defendant an email that informed Defendant of their infringement of the trademark and demanded that Defendant cease and desist further infringement. *See* **EXHIBIT E**. Defendant has failed to comply with Plaintiff's requests.

22. Plaintiff is informed and believes, and on that basis alleges, that at least on or before June 16, 2023, Defendant had actual notice of Plaintiff's intellectual property rights. Defendant's use and infringement of the trademark is therefore willful, deliberate, and intentional.

23. Defendant's unauthorized use of ABOGADO LUCHADOR, LUCHADOR LAWYER, and LL LUCHADOR LAW mark in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

24. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

25. Defendant's acts of infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

26. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-25 inclusive, as though fully set forth.

27. Defendant has deliberately and willfully attempted to trade on Plaintiff's hard-earned goodwill in its mark and the reputation established by Plaintiff in connection with its services.

28. Defendants' unauthorized and tortious conduct has also deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its services offered under Plaintiff's trademark, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendant.

29. Defendant's conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendant and its products and/or services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

30. As a result of Defendant's aforesaid conduct, Plaintiff has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its trademark. This continuing loss of goodwill cannot be properly calculated and thus, constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

# COUNT III

## STATUTORY UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200)

31. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-30 inclusive, as though fully set forth.

32. Defendant has deliberately and willfully attempted to trade on Plaintiff's hard-earned goodwill in its trademark and the reputation established by Plaintiff in connection with its services.

33. Defendant's unauthorized and tortious conduct has also deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its services offered under Plaintiff's trademark, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendant.

34. Defendant's conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant and its services. Defendant's wrongful acts also constitute a violation of Cal. Bus. & Prof. Code § 17200.

35. Defendant had direct and full knowledge of Plaintiff's rights in its Mark before the acts complained of herein. Defendant's conduct was therefore knowing, intentional, and willful.

36. As a direct and proximate result of Defendant's aforesaid conduct, Plaintiff has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its trademark. This continuing loss of goodwill cannot be properly calculated and thus, constitutes irreparable harm, and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this court enjoins Defendant's conduct.

# REQUEST FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

A. Entering a judgment that Plaintiff's registered 1-800-LUCHADOR trademark has been and continues to be infringed by Defendant in violation of 15 U.S.C. § 1114(1);

B. Entering a judgment that Defendant's use of the ABOGADO LUCHADOR, LUCHADOR LAWYER, and LL LUCHADOR LAW trademark constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

C. Entering a judgment that Defendant's use of the ABOGADO LUCHADOR, LUCHADOR LAWYER, and LL LUCHADOR LAW trademark constitutes common law unfair competition under California law;

D. Permanently enjoining and restraining the Defendant and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the trademark ABOGADO LUCHADOR, LUCHADOR LAWYER, and LL LUCHADOR LAW, with or without an accompanying logo or any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute, or identify Defendant's products where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's 1-800-LUCHADOR mark;

E. Pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

F. Pursuant to 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels, and other material in their possession bearing the infringing designation;

G. Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendant any trademark registration for its ABOGADO LUCHADOR, LUCHADOR LAWYER, and LL LUCHADOR LAW mark or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception with Plaintiff's mark, including, but not limited to, Serial Nos. 97545146, 97545175, and 97898575, or ordering cancellation of any such registrations previously granted to Defendant;

H. Ordering Defendant to cease the use of the https://luchadorlaw.com/es/ domain name;

I. Awarding Plaintiff all damages it sustained as the result of Defendant's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

J. Awarding Plaintiff all profits received by Defendant from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting, pursuant to 15 U.S.C. § 1117;

K. Awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117; and

L. Granting Plaintiff such other and further relief as the Court may deem just.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial of all issues that may be tried to a jury in this action.

RESPECTFULLY SUBMITTED this 3rd day of October, 2023.

**OMNI LEGAL GROUP**

/s/ Omid E. Khalifeh
Omid E. Khalifeh
Ariana Santoro
Louise Jillian Paris
Attorneys for Plaintiff,
Yagoubzadeh Law LLP