THE LAW OFFICE OF KEVIN M. WELCH
Kevin M. Welch, (SBN 254565)
*Kevin@kmwlawoffice.com*
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Fax: (310) 698-1626

Attorney for the Defendant,
Ulises Pizano-Diaz

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAGOUBZADEH LAW FIRM LLP, a California Limited Liability Partnership;<br><br>Plaintiff,<br><br>v.<br><br>ULISES PIZANO-DIAZ,<br><br>Defendant. | **Case No.: 2:23-cv-08299-GW-MAR**<br><br>**DEFENDANTS REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: **December 12, 2024**<br>Time:   **8:30 a.m.**<br>Judge:  **Hon. George H. Wu** |

**I. Summary of Defendant Argument**

Defendant respectfully argues that that Plaintiff's Complaint should be dismissed summarily because there exists no likelihood of confusion between Plaintiff's registration, 1-800-LUCHADOR, reg. no. 6920485 (Plaintiff's Registration") and Defendant LUCHADOR-formative marks, specifically: 1) ABOGADOR LUCHADOR; 2) LUCHADOR LAWYER;

1 and 3) LL LUCHADOR LAW with the following stylized logo:



("Defendant's Marks") because the word "luchador" translates to "fighter," which is highly descriptive of *legal service,* which renders the term weak and incapable for acquiring distinctiveness, and there is also a high number competitor's trademarks that contain the word "fighter" or "fight" (or a foreign language equivalent) in conjunction with offering *legal services* which creates a "crowded field," which renders each member of the field relatively weak in its ability to prevent use by others in the crowd. Therefore, Defendant respectfully submits that Plaintiff's mark should either be cancelled entirely or be given only the most narrow breadth of protection as Plaintiff's Registration "*consists of a merely descriptive term with numerals in the form of an alphanumeric phone number (e.g. 800, 888, 900 followed by a word)….*" See *In re Page*, 51 USPQ2d 1660 (TTAB 1999) (888 PATENTS denied registration for being merely descriptive of patent-related legal services); TMEP §1209.03(l).

**II. Defendant's Reply to Plaintiff's Response in Opposition**

Plaintiff's Response in Opposition seems to only disagree with Defendant's Motion for Summary Judgment on two factual issues; however, <u>Plaintiff does not provide any persuasive evidence supporting Plaintiff's position on either issue</u>.

1) The first issue relates to the translation of "luchador." While Plaintiff does not dispute the English translation of "luchador" in Plaintiff's Statement of Genuine Issues of Material Facts in Dispute (*See* Dkt. 36-1, ¶ 5), Plaintiff spends a large portion of Plaintiff's Response in Opposition offering alternative definitions, and/or arguing that the English translation of "luchador" is different or more

culturally nuanced than merely the English word "fighter."

Defendant respectfully submits that these arguments must fail entirely because Plaintiff's registration certificate for Plaintiff's Registration mark literally states: "*The English translation of "luchador" in the mark is "fighter.*" Defendant has provided a copy for the Court's review. (See 2nd Decl. of Welch, Exhibit A).

Further, it was Plaintiff who provided that English translation of "luchador" to the United States Patent and Trademark Office ("USPTO") when Plaintiff filed Plaintiff's application. Defendant has also provided the Court with a copy of Plaintiff's application to show that Plaintiff was the party that provided the USPTO with the statement: "*The English translation of "luchador" in the mark is "fighter.*" (See 2nd Decl. of Welch, Exhibit B).

Defendant respectfully submits that Plaintiff should be bound to the English translation of "luchador" that Plaintiff provided the USPTO and that is set forth in Plaintiff's Registration. Defendant further submits that any evidence of alternative or more culturally nuanced translations of "luchador" is irrelevant, and therefore, unpersuasive to this case at hand as Plaintiff's case is based on Plaintiff's Registration, which clearly sets forth the proper English translation of "luchador."

2) The second issue is whether or not the word "fighter" is descriptive of *legal services*. Unlike the first issue, Plaintiff did dispute Defendant's claim that the word "fighter" is highly descriptive of *legal services* in Plaintiff's Statement of Genuine Issues of Material Facts in Dispute. (*See* Dkt. 36-1, ¶ 6). However, Plaintiff failed to provide any evidence relevant to this issue.

Plaintiff purported provide relevant evidence in the form of Exhibits A through D to the Declaration of Omid E. Khalifeh; however, it appears that the exhibits are only relevant to the first issue, namely, the issue of whether the proper English translation of "luchador" is "fighter." (See Dkt. 36-1, ¶6).

Specifically, Exhibit A is a translation of "luchador" obtained from Collins Spanish-English Dictionary; Exhibit B is a translation of "luchador" obtained from

**DEFENDANTS REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** – Page 3

Google; Exhibit C is the registration certificates of third-party trademarks that contain the words "DEFENSOR" and "DEFENSORES (which Plaintiff argues are examples of Spanish words that "better aligned" with legal advocacy); and Exhibit D is a definition of the word "fighter" obtained from Merriam-Webster dictionary.

All these exhibits are all essentially challenging the translation of the word "luchador," which is a separate issue from whether or not the word "fighter" is descriptive of *legal services*.

As such, Defendant respectfully submits that Plaintiff has failed to provide any evidence relevant to the disputed issue of whether or not the word "fighter" is highly descriptive of legal services; therefore, Plaintiff's claim that item no. 6 of Plaintiff's Statement of Genuine Issues of Material Fact in Dispute is, in fact, "Disputed" is nothing more than a bald conclusory statement.

Whereas, in contrast, Defendant has provided multiple different kinds of evidence supporting Defendants position that the word "fighter" is highly descriptive of *legal services*.

### A. The Examining Attorney Searched the USPTO Database of Registered and Pending Marks and Has Found No Conflicting Marks That Would Bar Registration of Defendant's Marks.

Since the Defendant filed this Motion for Summary Judgment on November 14, 2024, all three of Defendant's federal trademark applications for Defendant's Marks (application serial nos. 98527115, 98527093, and 98527171) have received a first Office Action from the USPTO. In each case, the examining attorney began the Office Action with the following language:

"The trademark examining attorney has searched the USPTO database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d). 15 U.S.C. §1052(d); TMEP §704.02."

The USPTO examining attorney is fully aware of Plaintiff's Registration as

it is in the USPTO database, which means, in the opinion of the USPTO examining attorney, there exist no likelihood of confusion between Plaintiff's Registration and Defendant's Marks. Defendant has provided those Office Actions for the Court review (See 2nd Decl. of Welch, Exs. C, D, and E).

**B. There Exists Many Competitors That Use the Terms "Fighter" or "Fight" in Either Federally Registered Trademarks or at Common Law in Conjunction with an Offering of *Legal Services.***

A useful way to test whether a designation is descriptive or suggestive is to determine the extent to which other sellers have used the designation on similar goods and services. If others are in fact using the term to describe their goods or services, an inference of descriptiveness can be drawn. *De Walt, Inc. v. Magna Power Tool Corp.*, 48 C.C.P.A. 909, 289 F.2d 656, 659, 129 U.S.P.Q. 275 (1961) (evidence of opposer's descriptive usage of POWER SHOP for saws regarded was important in determining that the term was descriptive); *Quaker State Oil Refining Corp. v. Quaker Oil Corp.*, 59 C.C.P.A. 764, 453 F.2d 1296, 1299, 172 U.S.P.Q. 361 (1972) (significant and continuous descriptive use by another rebuts claim of distinctiveness); *The Firestone Tire & Rubber Company v. the Goodyear Tire & Rubber Company*, 186 U.S.P.Q. 557, 1975 WL 20835 (T.T.A.B. 1975), aff'd, 189 U.S.P.Q. 348, 1976 WL 21295 (C.C.P.A. 1976) (where others in industry do not use the term as a descriptive reference, this is evidence that the term is neither a natural nor obvious way to describe the goods).

In the instant case, there is an extremely large number of competitors that use the word "fighter" or "fight" in advertising of *legal services* throughout the entire country. Defendant provides evidence of this widespread use among competitors in both Defendant's First Declaration of Welch, Exhibit B, featuring over 50 federal trademark registrations that include the words "fighter" or "fight" in conjunction with *legal services*, and Defendant's Second Declaration of Welch, Exhibits F through N, featuring the websites of numerous competitors that use the

words "fighter" or "fight" in conjunction with offering *legal services* at common law. (See 2nd Decl. of Welch, Ex. F through N). In fact, two such examples, LUCHADORES LEGALES and El LUCHADORE LEGAL, even use the descriptive term in its untranslated form. (See 2nd Decl. of Welch, Exs. M and N).

Defendants also offer examples of articles featuring lawyers being complimentarily described as "FRAUD FIGHTER" and "THE FIGHTER."

A mark is merely descriptive if it describes an ingredient, quality, characteristic, function, feature, purpose, or use of an applicant's goods and/or services. TMEP §1209.01(b); *see, e.g.*, *In re TriVita, Inc.*, 783 F.3d 872, 874, 114 USPQ2d 1574, 1575 (Fed. Cir. 2015) (quoting *In re Oppedahl & Larson LLP*, 373 F.3d 1171, 1173, 71 USPQ2d 1370, 1371 (Fed. Cir. 2004)); *In re Steelbuilding.com*, 415 F.3d 1293, 1297, 75 USPQ2d 1420, 1421 (Fed. Cir. 2005) (citing *Estate of P.D. Beckwith, Inc. v. Comm'r of Patents*, 252 U.S. 538, 543 (1920)).

These example articles are celebrating lawyers by calling them "FRAUD FIGHTER" and "THE FIGHTER," demonstrating that being a "fighter" is a desirable quality or characteristic of a purveyor of *legal services*. Defendant respectfully suggests that such articles are further evidence supporting Defendant's position that the word "fighter" is highly descriptive of *legal services*.

**C. Pursuant to the *Sleekcraft* Factors, Defendant's Marks Cause No Likelihood Consumer Confusion with Plaintiff's Registration.**

Defendant's respectfully submits that Defendant has provided substantial evidence that word "luchador" (when translated to "fighter" for determining descriptiveness as directed by the Doctrine of Foreign Equivalents) is highly descriptive, and therefore, the strength of Plaintiff's Registration is very weak, such that Plaintiff's Registration should either be cancelled entirely or be afforded only the most narrow breadth of exclusive protection (*Sleekcraft* factor 1).

And given that fact that each of Defendant's Marks each contain unique

elements not present in Plaintiff's Registration and the common overlapping element, "LUCHADOR," has been determined to be highly descriptive and thus very weak, Defendant respectfully submits the USPTO examining attorney is correct in concluding that Defendant's Marks should be considered sufficiently dissimilar from Plaintiff's Registration to avoid any likelihood of consumer confusion (*Sleekcraft* factor 3).

The remaining *Sleekcraft* factors including: (2) proximity of the goods; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines, are largely irrelevant to the instant determination and/or the parties are largely in agreement.

Plaintiff did opine an opposite conclusion than Defendant regarding whether or not *legal services* are likely to be consumed with a high degree of care (*Sleekcraft* factor 6), and Plaintiff made a very weak allegation regarding Defendant's intent in selecting the Defendant's Mark not being bona fide merely because Defendant's selection of Defendant's marks was second in time (*Sleekcraft* factor 7); however, Pplaintiff did not provide any supporting evidence for either matter, and, as previously stated, these *Sleekcraft* factors are largely irrelevant to the determination at hand.

### D.  Because Plaintiff Failed to Provide Any Evidence of Genuine Factual Issue in Dispute This Court Can Dismiss Plaintiff Case Summarily.

It takes more than a mere statement that a party is in disagreement to establish a genuine factual issue in dispute.  A party must establish some evidence supporting the basis of the dispute. The moving party may carry its burden of production on summary judgment either by "showing" the opposing party *does not have enough evidence* of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.* (9th Cir. 2000) 210 F3d 1099, 1102.  While the Ninth Circuit reviews

likelihood of confusion on appeal as a factual issue, this does "not preclude the district court from determining likelihood of confusion as a matter of law, either through dismissal [on a Fed. R. Civ. P. 12(b)(6) motion] or summary judgment. *Murray v. Cable Nat. Broadcasting Co*., 86 F.3d 858, 24 Media L. Rep. (BNA) 2053, 39 U.S.P.Q.2d 1214 (9th Cir. 1996), as amended, (Aug. 6, 1996).

In the instant case, Plaintiff disputes that the word "fighter" is highly descriptive of *legal services* in Plaintiff's Statement of Genuine Issues of Material Facts in Dispute but provides no persuasive evidence relevant to the question of the descriptiveness of the word "fighter" in relation to *legal services*; whereas, Defendant provides substantial evidence that multiple members of the legal community routinely use the term "fighter" or "fight" to describe their *legals services,* and that the USPTO trademark examiner does not believe there exists a likelihood of confusing between Plaintiff's Registration and Defendant's Marks, and that being a "fighter" is perceived as an admirable quality or characteristic of a purveyor of *legal services*.

### III. Conclusion

Accordingly, Defendant respectfully requests this Court grant Defendant Motion for Summary Judgment and dismisses Plaintiff's case in its entirety with prejudice.

Dated this 2nd day of December 2024

By:/s/Kevin M Welch/

Kevin M. Welch (SBN 254565)

LAW OFFICE OF KEVIN M. WELCH
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Email:Kevin@kmwlawoffice.com

*Attorney for Defendant,*
*Ulises Pizano-Diaz*